**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE

SHERYL ANN BRUNER                                                                CASE NO. 13-51267

DEBTOR

PHAEDRA SPRADLIN, TRUSTEE                                                    PLAINTIFF

V.                                                                                          ADV. NO. 15-5119

MICHAEL J. KHOURI and
KHOURI LAW FIRM                                                                  DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on the Defendants Michael J. Khouri and Khouri Law Firm's Motion to Dismiss [ECF No. 9] the Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) (incorporated by FED. R. BANKR. P. 7012). The Plaintiff seeks to avoid a transfer of $50,000.00 to the Defendants with her avoidance powers under 11 U.S.C. § 549 and § 550(a). Because the Plaintiff's claims are barred by the doctrine of *res judicata*, the Defendants' Motion to Dismiss is granted and this case will be dismissed with prejudice.

I.   **FACTS**

   A.   **The Bankruptcy and Criminal Cases.**

The Debtor Sheryl Ann Bruner filed a chapter 13 bankruptcy case on May 16, 2013. On December 27, 2013, her case was converted to a case under chapter 7 for concealment of funds. *See generally In re Sheryl Ann Bruner*, Bankr. E.D. Ky., Case No. 13-51267.

Two weeks later, the Debtor was indicted in federal court for fraudulently claiming Social Security benefits, bankruptcy fraud, and money laundering. She was convicted of these

1

charges in March 2014 and the Sixth Circuit subsequently affirmed the Debtor's conviction. *See U.S. v. Bruner*, 616 F. Appx. 841 (6th Cir. 2015).

### B. The Transfer.

On January 16, 2014, one week after the Debtor's indictment, the Debtor's mother, Mary Jane Newton, deposited $51,000.00 in cash into her checking account at Fifth Third Bank, held jointly with the Debtor. Immediately after making this deposit, Ms. Newton wire-transferred $50,000.00 from the account to Defendant Khouri Law Firm to pay to retain Defendant Michael Khouri as the Debtor's criminal counsel (the "Transfer"). Defendants represented the Debtor in her federal criminal case, and in her appeal.

### C. The Turnover Action.

On February 11, 2014, the Plaintiff Trustee filed an adversary proceeding styled *Spradlin v. Khouri*, Adv. No. 14-5009, seeking turnover of the Defendants' fee from Defendants pursuant to 11 U.S.C. § 542 (the "Turnover Action"). A trial was held on July 28, 2015, whereby the Trustee introduced 9 witnesses that testified regarding the circumstances of the Transfer. On August 10, 2015, the Court entered a Memorandum Opinion and Order granting judgment to the Defendants (collectively, the "Turnover Judgment") due to a key flaw in the Trustee's legal theory: because the $50,000.00 was voluntarily transferred to Defendants, it was not property of the estate subject to the turnover – turnover is only available to return estate property, not avoid voluntary transfers. *Spradlin v. Khouri (In re Bruner)*, 535 B.R. 726, 731 (Bankr. E.D. Ky. 2015). The Trustee subsequently appealed the Turnover Judgment and the matter is now before the Bankruptcy Appellate Panel of the Sixth Circuit Court of Appeals.

    **D.**    **The Avoidance Action.**

On November 8, 2015, the Trustee filed this adversary proceeding seeking to avoid the Transfer under § 549 and § 550 (the "Avoidance Action"). The Trustee alleges the Debtor "caused the transfer of property of the estate, to wit $50,000, to Defendants, of [sic] either of them, on or about January 16, 2014" and she is therefore entitled to avoid the Transfer and recover its value for the benefit of the estate. [Complaint, ECF No. 1.] Defendants moved to dismiss the Complaint on the basis of *res judicata*. [Motion to Dismiss, ECF No. 9.] The Trustee filed a response opposing the Motion arguing the Defendants cannot establish two of the four elements necessary to prove the Turnover Judgment has *res judicata* effect. [Trustee's Response, ECF No. 11.] The Court held a hearing on February 18, 2016, and took the matter under submission.

    **II.**    **ANALYSIS**

The issue is whether the Trustee is barred by *res judicata* from seeking to avoid the Transfer such that the case should be dismissed for failure to state a claim upon which relief may be granted. The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1409.

    **A.**    **Dismissal Based On *Res Judicata*.**

Res judicata is properly raised in a Rule 12(b)(6) motion to dismiss. *Donahue ex rel. Estate of Donahue v. U.S.*, Case No. 1:05-CV-175, 2006 WL 2990387, at *3 (S.D. Ohio 2006); *Logan Farms v. HBH, Inc.*, 282 F. Supp. 2d 776, 785 (S.D. Ohio 2003). A motion to dismiss should be granted if a defendant proves the elements necessary to show that a plaintiff's claim is barred by *res judicata*. *See Jennings v. Bodrick (In re Bodrick)*, 534 B.R. 738 (Bankr. S.D. Ohio 2015).

The parties agree that *res judicata* requires the Defendants to establish four elements:

(1)  a final decision on the merits by a court of competent jurisdiction;
(2)  a subsequent action between the same parties or their privies;
(3)  an issue in the subsequent action which was litigated or which should have been litigated in the prior action;  and
(4)  an identity of the causes of action.

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 577-78 (6th Cir. 2008).  The Trustee does not dispute, nor is it arguable, that the parties in both the actions are the same.  She also does not take issue with the third requirement that the issues were actually litigated or should have been litigated.  The only two issues that remain are: (1) whether the Turnover Judgment is a final decision on the merits; and (2) whether there is an identity of the causes of action.

**B.    A Final Decision on the Merits.**

The Turnover Judgment is a final decision on the merits.  The Trustee argues that the Turnover Judgment is a procedural ruling, as opposed to a judgment on the merits, because it does not depend on the evidence introduced at trial.  The Trustee is wrong.  The Memorandum Opinion contains a lengthy discussion of the evidence introduced at trial and concludes that because the parties agree that the Transfer was voluntary, a fact supported by the evidence, the Trustee cannot prevail on her legal theory for recovery.  In other words, the Memorandum Opinion concluded that the Trustee cannot prevail when the substantive law of § 542 is applied to the particular facts of the case.

In addition, the cases cited by the Trustee in support of her argument that the Turnover Judgment is not final are distinguishable.  The court in *Johnson v. Big Lots Stores, Inc*. held that denial or decertification of a class is a procedural ruling collateral to the merits of the litigation. 639 F. Supp. 2d 696, 708 (E.D. La. 2009).  Class certification is mechanism accomplished through the Federal Rules of Civil Procedure and is not an issue in this case.   The court in

4

*Modeste v. Horn* defined "adjudication on the merits" as a decision finally resolving the parties' claim based on the substance of the claim advanced rather than on a procedural or other ground. 499 F. Supp. 2d 272, 275 (E.D.N.Y. 2007). The court ultimately concluded once claims have been adjudicated on the merits, a federal habeas court may grant a writ of habeas corpus. *Id.* This is not a habeas corpus action. Rather, the Turnover Judgment resolved the Trustee's claim based on the evidence introduced as applied to the law, and not on a procedural technicality. Finally, *Saad v. GE HFS Holdings, Inc.* held that a bankruptcy judge did not make a final decision on the merits because she concluded the debtor companies were unlikely to succeed on the merits when considering a proposed bankruptcy settlement. Case No. 1:03CV2557, 2006 WL 2711797, at *6 (N.D. Ohio Sept. 21, 2006). The court in *Saad* noted that in making this decision, the "bankruptcy judge is charged with making a reasoned evaluation of the case, but to stop short of trying the case on the merits." *Id.* The Turnover Judgment does not depend on an evaluation of the likelihood of success, but is a decision on the merits.

The Trustee further argues that the pending appeal prevents the finality of the Turnover Judgment. The appeal is irrelevant. It is well-established that a final trial court judgment is *res judicata* while an appeal is pending. *Bodrick*, 534 B.R. at 744 (*citing Commodities Export Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992)).[1] The Turnover Judgment is a final judgment on the merits.

### C.     An Identity of Claims.

The Trustee also argues that the fourth element, an identity of claims, is not met where the Trustee is asserting a different legal theory than asserted in the Turnover Action. Whether

---

[1] At oral argument, counsel for the Trustee compared the ruling in the Memorandum Opinion to a ruling on a motion to dismiss. An order dismissing a complaint for failure to state a claim is a final decision on the merits, regardless of an appeal. *Scozzari v. City of Clare*, Case No. 08-10997-BC, 2012 WL 1900600, at *3 (E.D. Mich. May 24, 2012) (*citing Erebia v. Chrysler Plastic Prods. Corp.*, 891 F.2d 1212 (6th Cir. 1989)).

5

there is an identity of claims depends on the facts creating the right of action and the evidence necessary to sustain each action, not on the actual claims raised. *Sanders Confectionary Products, Inc. v. Heller Financial, Inc*., 973 F.2d 474, 483-84 (6th Cir. 1992).

At oral argument, counsel for the Trustee argued that different evidence will support her Avoidance Action as opposed to her Turnover Action, particularly since the focus in the Avoidance Action is the characterization of the property at issue on the date of conversion as opposed to the date of filing. Regardless of the emphasis the Trustee places on the facts to prove her claim, the facts regarding the ownership of the $50,000.00 fee are the same. The Trustee introduced evidence in the Turnover Action through 9 witnesses who testified about a factual timeline extending from the chapter 13 filing date, conversion to chapter 7, the post-conversion Transfer, and the Trustee's attempt to recover the funds. She does not allege any new facts to support her Avoidance Action. The facts and evidence are the same and there is an identity of claims.

### D. The Futility of Amending the Complaint.

Defendants argue the Trustee cannot amend the Complaint to cure it deficiencies. "If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to 'state a claim that is plausible on its face,' then the claims must be dismissed." *Preferred Auto Sales, Inc. v. DCFS USA, LLC*, 625 F. Supp. 2d 459, 462 (E.D. Ky. 2009). The Trustee cannot correct the deficiencies of her Complaint to overcome the *res judicata* effect of the Judgment in the Turnover Action. She should have pled avoidance of the Transfer in the prior Turnover Action and her failure to do so is fatal because she is now precluded from re-litigating the issue.

### III.  CONCLUSION.

The Trustee's claims under § 549 and § 550 are barred by the *res judicata* effect of the Turnover Judgment in the prior Turnover Action. Because the Trustee cannot amend the Complaint to correct the Complaint's deficiencies, this matter is dismissed with prejudice. A separate order will be entered concurrent with this Opinion.

7

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Monday, March 07, 2016**
(tnw)